**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IRIS LOPEZ-PEREZ,<br><br>    Plaintiff<br><br>       v.<br><br>MARIA FELICIANO, ET AL.,<br><br>    Defendants. | CIV. NO. 14-1598 (PG) |

**ORDER**

An involuntary dismissal may result under Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action … because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "This power, which is of ancient origin … is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). "[T]he district court's decision to dismiss a claim for failure to prosecute with or without prejudice is ordinarily within its discretion." The Shell Co. (P.R.) Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 26 (1st Cir.2010). "While dismissal is appropriate only when a plaintiff's misconduct is extreme, wasting the court's time and ignoring court deadlines have been found reason enough to dismiss a complaint." Asociacion de Enfermeria Visitante Auffant, Inc. v. Great-West Life and Annuity Ins. Co., 775 F.Supp.2d 333, 348 (D.P.R. 2011) (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir.2002)). Dismissal for failure to prosecute is a sanction "reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Benítez-García v. González-Vega, 468 F.3d 1, 4 (1st Cir. 2012) (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987)).

CIV. NO. 14-1598(PG) Page 2

    Plaintiff filed the above-captioned civil rights claim on August 1, 2014. See Docket No. 1. Plaintiff later filed two amended complaints on August 7th and November 18th, 2014, respectively. See Dockets No. 7, 19. In August 7, 2015, the court held an initial scheduling conference. See Docket No. 49. Discovery in this case was due by December 15, 2015. See Docket No. 53. But on December 7th, 2015, plaintiff's attorney requested to withdraw from her legal representation. See Docket No. 56. Defendants responded to this motion by requesting that the court set a term for new counsel to appear on behalf of plaintiff with an admonishment that failure to comply would result in dismissal with prejudice. See Docket No. 57. The court denied without prejudice the plaintiff's attorney's request to withdraw and warned that "New counsel shall appear for plaintiffs by no later than **January 22, 2016.** Failure to comply will result in dismissal without prejudice." Docket No. 58 (emphasis ours). The plaintiff ignored this deadline. This case was docketed over a year ago, discovery should have concluded over a month ago and at this stage, plaintiff has failed to secure legal representation despite this court's clear warning.

    "The court has no obligation to play nursemaid to indifferent parties." Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir.1990). Therefore, under this "[C]ourt's … unquestionable authority to dismiss a case … for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365 (D.P.R. 1998), the court hereby dismisses plaintiff's suit against defendants **without prejudice** pursuant to FED.R.CIV.P. 41(b). Final judgment dismissing the case without prejudice shall be entered accordingly.

    **IT IS SO ORDERED**.

    In San Juan, Puerto Rico, January 25, 2016.

                                                      S/JUAN M. PEREZ-GIMENEZ
                                                      JUAN M. PEREZ-GIMENEZ
                                                      U.S. DISTRICT JUDGE